

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Attention: H. Morris Stevens
Opinion No. O-3012
Re: Whether "Declaration of Trust"
is subject to stamp tax imposed
by Article 7047e, V.A.C.S.

We have received your letter of recent date with the enclosure of an instrument which is styled "Declaration of Trust." You ask our opinion as to whether the instrument must be stamped according to the provisions of Article 7047e, Vernon's Annotated Civil Statutes.

Article 7047e reads in part as follows:

"(a) Except as herein otherwise provided, there is hereby levied and assessed a tax of ten (10¢) cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instruments stamps in accordance with the provisions of this section; * * *"

The instrument under consideration is not among those specifically named. Hence, if it is to be taxed, it must be by virtue of the clause levying the tax upon "all such instruments of a similar nature." In other words, a lien interest must be created by the instrument before it is subject to the tax.

We are of the opinion that the instrument is not subject to the tax. The instrument declares that the Housing Authority of the City of Waco holds certain described land in trust for the benefit of prospective bondholders and the United States Housing Authority. The interest granted is the right to require the Waco Housing Authority to refrain from disposing of the property except under certain circumstances and to maintain and operate the housing project in a certain manner. Thus, it is seen that no lien interest is created. The instrument is merely, as its title indicates, a "Declaration of Trust."

Our view is further strengthened by a paragraph in the instrument, which we quote as follows:

"In no event shall this declaration of trust be construed as conferring upon the holders of any of the Bonds issued in pursuance of said Resolution, or of any of the coupons appertaining thereto, the remedy of foreclosure or any other remedy pursuant to which they or any of them may cause the above-described property to be sold or the title of the Authority thereto to be divested or forfeited."

In view of the foregoing you are respectfully advised that the described "Declaration of Trust" is not subject to the stamp tax imposed by Article 7047e, Vernon's Annotated Civil Statutes.

APPROVED AUG 1947

FIRST ASSISTANT
ATTORNEY GENERAL

GWS:eaw

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Glenn R. Lewis
Assistant

By  George W. Sparks

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN